IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| WILLIAM LANIER ELLIS, SR., #259380, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 2:08-CV-790-SRW |
| ) | [WO] |
| ) | |
| DR. SADEEK, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM OPINION**

In this 42 U.S.C. § 1983 action, William Lanier Ellis, Sr. ["Ellis"], a state inmate, challenges the medical treatment provided to him during his incarceration at the Bullock Correctional Facility ["Bullock"]. Specifically, Ellis complains he has been denied adequate treatment for back pain. Ellis names Dr. Sadeek, a physician employed at Bullock, as the sole defendant in this cause of action.[1] Ellis seeks declaratory relief and monetary damages for the alleged violation of his constitutional rights.

The defendant filed a special report and supporting evidentiary materials addressing Ellis' claim for relief. In these documents, defendant Sadeek asserts that the complaint is due to be dismissed because Ellis has failed to exhaust the administrative remedy available to him at Bullock. Pursuant to the orders entered in this case and governing case law, the court deems it appropriate to treat defendant Sadeek's written report as a motion to dismiss.

---

[1] The defendant advises that his correct name is Tahir Siddiq. For purposes of this Recommendation, however, the court will refer to the defendant as his name appears on the complaint.

*Order of November 5, 2008 - Court Doc. No. 9*; *Bryant v. Rich*, 530 F.3d 1368, 1375 (11th Cir. 2008) (citations omitted) ("[A]n exhaustion defense -- as in [this] case -- is not ordinarily the proper subject for a summary judgment; instead, it 'should be raised in a motion to dismiss, or be treated as such if raised in a motion for summary judgment.'"). Thus, this case is now pending on defendant Sadeek's motion to dismiss. Upon consideration of this motion and the evidentiary materials filed in support thereof, the court concludes that the defendant's motion to dismiss is due to be granted.

Ellis challenges the constitutionality of medical treatment provided to him for chronic back pain. In response to the complaint, the defendant denies the plaintiff's allegations and likewise maintains this case is subject to dismissal because Ellis failed to exhaust the administrative remedy provided at Bullock prior to filing this complaint as required by the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a). Federal law directs this court to treat the medical defendant's response as a motion to dismiss for failure to exhaust an administrative remedy and allows the court to look beyond the pleadings to relevant evidentiary materials in deciding the issue of proper exhaustion. *Bryant*, 530 F.3d at 1375.

The Prison Litigation Reform Act compels exhaustion of available administrative remedies before a prisoner can seek relief in federal court on a § 1983 complaint. Specifically, 42 U.S.C. § 1997e(a) states that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner

confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." "Congress has provided in § 1997(e)(a) that an inmate must exhaust irrespective of the forms of relief sought and offered through administrative remedies." *Booth v. Churner*, 532 U.S. 731, 741 n.6 (2001). "[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002). Exhaustion of all available administrative remedies is a precondition to litigation and a federal court cannot waive the exhaustion requirement. *Booth*, 532 U.S. at 741; *Alexander v. Hawk*, 159 F.3d 1321, 1325 (11th Cir. 1998); *Woodford v. Ngo*, 548 U.S. 81, 126 S.Ct. 2378 (2006). Moreover, "the PLRA exhaustion requirement requires ***proper exhaustion***." *Woodford*, 548 U.S. at 93, 126 S.Ct. at 2387 (emphasis added). "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules [as a precondition to filing suit in federal court] because no adjudicative system can function effectively without imposing some orderly structure on the courts of its proceedings.... Construing § 1997e(a) to require proper exhaustion ... fits with the general scheme of the PLRA, whereas [a contrary] interpretation [allowing an inmate to bring suit in federal court once administrative remedies are no longer available] would turn that provision into a largely useless appendage." 548 U.S. at 90-91, 93, 126 S.Ct. at 2386-2387. The Court reasoned that because proper exhaustion of administrative remedies is necessary an inmate cannot

"satisfy the Prison Litigation Reform Act's exhaustion requirement ... by filing an untimely or otherwise procedurally defective administrative grievance or appeal[,]" or by effectively bypassing the administrative process simply by waiting until the grievance procedure is no longer available to him. 548 U.S. at 83-84, 126 S.Ct. at 2382; *Johnson v. Meadows*, 418 F.3d 1152, 1157 (11th Cir. 2005) (inmate who files an untimely grievance or simply spurns the administrative process until it is no longer available fails to satisfy the exhaustion requirement of the PLRA).

In this case it is undisputed that the health care provider for the Alabama Department of Corrections provides a grievance procedure for inmate complaints related to the provision of medical treatment. *Defendant's Special Report - Court Doc. No. 6 at 11-12; Defendant's Exhibit A (Affidavit of Tahir Siddiq, M.D.) - Court Doc. No. 6-2 at 10-11*. The evidentiary materials submitted by the defendant demonstrate that Ellis failed to file the requisite grievance appeal with respect to the medical treatment challenged in the instant complaint. Ellis does not dispute his failure to exhaust the administrative remedy available in the prison system prior to filing this case. The court therefore concludes that the claim presented in this cause of action against defendant Sadeek is subject to summary dismissal without prejudice as Ellis failed to exhaust an administrative remedy available to him which is a precondition to proceeding in this court on such claim. *Ngo*, 548 U.S. at 87-94, 126 S.Ct. at 2384-2388; *Bryant*, 530 F.3d at 1374-1375 (dismissal for failure to exhaust an administrative remedy when the remedy remains available is not an adjudication of the

merits and is without prejudice).

A separate order of judgment will accompany this memorandum opinion.

Done, this 4th day of February, 2009.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
CHIEF UNITED STATES MAGISTRATE JUDGE